**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| **VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD.,**<br><br>         **Plaintiffs,**<br><br>      **v.**<br><br>**FEDEX CORPORATION and FEDEX OFFICE AND PRINT SERVICES, INC.,**<br><br>         **Defendants.** | **Case No. 2:25-cv-516-JRG** |

**DEFENDANTS' MOTION TO DISMISS FEDEX CORPORATION FOR IMPROPER
VENUE AND FEDEX OFFICE AND PRINT SERVICES, INC.
<u>FOR FAILURE TO STATE A CLAIM</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND .................................................................................................. 2

III.  LEGAL STANDARD........................................................................................... 4

      A.    Fed. R. Civ. P. 12(b)(3)...........................................................................4

      B.    Fed. R. Civ. P. 12(b)(6)...........................................................................5

IV.   ARGUMENT ...................................................................................................... 6

      A.    Venue is Improper for FedEx Corp. ........................................................6

            1.    FedEx Corp. Has No Physical Presence or Property in This District..........6

            2.    Offices of Other FedEx Entities Are Not Places of FedEx Corp.................7

            3.    Even If FedEx Corp Had a Place of Business in This District, It Does Not Use the Accused Products Here or Anywhere.............................................9

      B.    The Complaint Fails to State a Plausible Claim Against FedEx Office ................12

V.    CONCLUSION.................................................................................................... 13

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*,
    450 F. App'x 326 (5th Cir. 2011) ................................................................................5, 7

*Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*,
    6 F.4th 1283 (Fed. Cir. 2021) ........................................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................5, 9, 10, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................5, 12

*Bowlby v. City of Aberdeen*,
    681 F.3d 215 (5th Cir. 2012) ..........................................................................................5

*Celgene Corp. v. Mylan Pharms. Inc.*,
    17 F.4th 1111 (Fed. Cir. 2021) ...................................................................................5, 7

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015).......................................................................................................10

*In re Cordis Corp.*,
    769 F.2d 733 (Fed. Cir. 1985)......................................................................................11

*In re Cray*,
    871 F.3d 1355 (Fed. Cir. 2017)...............................................................................4, 6, 7

*Dickson Marine Inc. v. Panalpina, Inc.*,
    179 F.3d 331 (5th Cir. 1999) ..........................................................................................5

*Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*,
    943 F.3d 239 (5th Cir. 2019) ..........................................................................................5

*EMA Electromechanics, Inc. v. Siemens Corp.*,
    No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) .........................9, 11

*Ethridge v. Samsung SDI Co., Ltd.*,
    137 F.4th 309 (5th Cir. 2025) .....................................................................................5, 8

*In re Google LLC*,
    949 F.3d 1338 (Fed. Cir. 2020)......................................................................................7

*Kranos IP Corp. v. Riddell, Inc.*,
    No. 2:17-CV-443-JRG, 2017 WL 3704762 (E.D. Tex. Aug. 28, 2017)..................................4

*Ledford v. Keen*,
  9. F.4th 335 (5th Cir. 2021) ...................................................................................13

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017)...........................................................................6, 12

*Quantum Tech. Innovations, LLC v. Valve Corp.*,
  No. 2:23-CV-425-JRG-RSP, 2024 WL 4329020 (E.D. Tex. Aug. 8, 2024) ............................4

*Resonant Sys., Inc. v. Sony Grp. Corp.*,
  No. 2:22-CV-00424-JRG, 2023 WL 5723646 (E.D. Tex. Sept. 5, 2023) ...............................12

*Seven Networks, LLC v. Google LLC*,
  315 F. Supp.3d 933 (E.D. Tex. 2018).....................................................................9

*Smith v. Garlock Equip. Co.*,
  658 F. App'x 1017 (Fed. Cir. 2016) ...................................................................13

*Soverain IP, LLC v. AT&T, Inc.*,
  No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017) .............................8

*Soverain IP, LLC v. AT&T, Inc.*,
  No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017).......................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  581 U.S. 258 (2017)...........................................................................................4, 6

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018)...........................................................................4

**Statutes**

28 U.S.C. § 1400(b) ...........................................................................................4, 6

35 U.S.C. § 271...............................................................................................12

**Other Authorities**

Fed. R. Civ. P. 12(b)(3)......................................................................................4

Fed. R. Civ. P. 12(b)(6)......................................................................................5

## I.     INTRODUCTION

Neither Defendant belongs in this case.  Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Ltd. ("Plaintiffs") allege FedEx Corporation ("FedEx Corp") and FedEx Office and Print Services Inc. ("FedEx Office," collectively "Defendants") infringe certain patents in this District.  But venue is improper as to FedEx Corp., and Plaintiffs fail to plead any facts plausibly showing that FedEx Office uses the accused software.  The Court should dismiss this action.

First, FedEx Corp. is a Delaware corporation and therefore "resides" only in Delaware for venue purposes.  Venue in this District would be proper only if FedEx Corp. both had a regular and established place of business within this District and committed acts of infringement here.  Neither is the case.  FedEx Corp. is a holding company headquartered in Memphis, Tennessee.  It does not own, lease, or rent property in this District, including server space.  Plaintiffs attempt to tie FedEx Corp. to this District by conflating it with other legally and factually distinct FedEx entities.  Because FedEx Corp. and its subsidiaries maintain themselves as separate entities, the locations and actions of those subsidiaries cannot be imputed to FedEx Corp.  Moreover, FedEx Corp. does not commit any alleged act of infringement within this District.  And it does not make, use, sell, or offer to sell the software Plaintiffs accuse of infringement, as Plaintiffs target software packages purportedly used or formerly used by a wholly different entity.  So even if that software satisfied the limitations of the asserted claims, FedEx Corp. does not use that software.  Because venue is improper for FedEx Corp., the Court should dismiss it.

Second, Plaintiffs do not plead any facts connecting FedEx Office to the alleged infringement.  Plaintiffs' allegations rest solely on generalized assertions and unverified references to alleged employees of other FedEx entities that are engaged in unrelated businesses. Plaintiffs fail to identify a single act of infringement or individual linking FedEx Office to the accused software. Therefore, the claims against FedEx Office should be dismissed.

1

## II.    BACKGROUND

Plaintiffs filed this action asserting FedEx Corp. and FedEx Office infringe U.S. Patent No. 8,370,416 (the "'416 Patent"), U.S. Patent No. 7,904,686 (the "'686 Patent"), U.S. Patent No. 7,640,332 (the "'332 Patent"), and U.S. Patent No. 7,120,832 (the "'832 Patent", collectively the "Asserted Patents".)  (Complaint ¶¶ 17–22.)  Plaintiffs accuse FedEx Corp. and FedEx Office of using a collection of open source software packages developed by third parties: Kubernetes for the '416 and '332 Patents, (*Id.* ¶¶ 17, 19, 22, 25–32, 56–64); Apache Hadoop Distribute File System for the '686 Patent, (*Id.* ¶¶ 18, 22, 41–47); and Apache Kafka Streams using Rocks DB Universal Compaction, Rocks DB Universal Compaction, Apache Cassandra, and Apache HBase for the '832 Patent, (*Id.* ¶¶ 20–21, 75–96, collectively "the Accused Software").

Throughout the Complaint, Plaintiffs conflate the factually and legally distinct FedEx companies to try and manufacture venue for FedEx Corp. and infringement by FedEx Office.  First, Plaintiffs treat FedEx Corp. and FedEx Office together as "Defendants" when claiming that those entities have physical places of business within this District.  (*Id.* ¶¶ 6–11.)  But the addresses Plaintiffs cite as "Defendants'" places of business in this District are storefronts of *FedEx Office* and non-party Federal Express Corporation.[1]  (Ex. A, Declaration of William Scott Young, at ¶ 10.)  None of those locations are owned, operated, leased, or otherwise controlled by FedEx Corp.  (*Id.*)  In fact, FedEx Corp. has no presence within the State of Texas.  It does not own, lease, manage, or maintain ***any*** real property in this District, nor does it have ***any*** contracts related to real property in this District.  (*Id.* ¶ 5).  Similarly, FedEx Corp. does not own, lease, manage, or

---

[1] FedEx. Corp. and Federal Express Corporation are distinct and separate legal entities and have been for decades.  FedEx Corp. is a holding company that owns distinct subsidiaries that are either engaged in the package handling, logistics, printing services, consumer services, and/or transportation industries, or that support entities engaged in those industries.  Federal Express Corporation is a package delivery company.  (Ex. A, ¶ 4.)

2

maintain computer servers in this District.  (*Id.*).  As a holding company, FedEx Corp. does not make products or offer services to any external customers, and so it does not make products or offer services in this District.  (*Id.* ¶¶ 5 & 8.)  Business related to its holding activities occurs at FedEx Corp.'s headquarters in Memphis.  (*Id.* ¶¶ 4 & 8).  No FedEx Corp. employees have work locations in Texas.  (*Id.* ¶ 6.)  In short, FedEx Corp. is not "in" this District, a fact that Plaintiffs attempt to obscure with broad claims of "Defendants'" presence in this District.

Second, Plaintiffs support Defendants' alleged use of these packages through string citations to unverified personal profiles of users from LinkedIn purporting to be "FedEx" employees.  But none of those cited persons are employees of FedEx Corp., (*Id.* ¶ 9), and their LinkedIn profiles themselves say as much.  For example, supposed Kubernetes users Keerthichandra Nagareddy and Joshua Herndon list their employers as FedEx ***Dataworks*** and FedEx ***Services***, respectively.  (Complaint at p. 10–11.)  The same holds for many of the alleged employees cited by Plaintiffs.  (*See id.* at p. 12 (Isaac Omaits claiming to be at FedEx Services[2]); *id.* at p. 21–23 (job listings for data scientist roles at FedEx Dataworks); *id.* at p. 45 (E Marie I M claiming to be at FedEx Freight); *id.* at p. 57 (Dustin Crain claiming to be at FedEx Services).)  Even those LinkedIn users listing their employers as "FedEx" are not employees of FedEx Corp.  (Ex. A, ¶ 9).  Likewise, none of the cited profiles list FedEx Office as an employer.  Plaintiffs cannot locate a single FedEx Corp. employee with experience using the Accused Software for good reason: FedEx Corp. does not use the Accused Software in this District, or in any district.  (*Id.* ¶ 8)

---

[2] While Mr. Omaits's LinkedIn profile lists FedEx Corporation as his purported employer, Mr. Omaits is not an employee of FedEx Corp.  (*See* Ex. A, at ¶ 9.)

3

While Plaintiffs equate FedEx Corp, FedEx Office, and other non-party FedEx entities, treating them collectively as "Defendants" or "FedEx," FedEx Corp. purposefully maintains corporate separateness between itself and its subsidiaries.  FedEx Corp. subsidiaries maintain their own independent business entity status, identity, and structure.  (*Id.* ¶ 12).

### III.    LEGAL STANDARD

#### A.    Fed. R. Civ. P. 12(b)(3)

A defendant may seek dismissal of a case for improper venue under Rule 12(b)(3).  In patent infringement cases, venue is governed exclusively by 28 U.S.C. § 1400(b), which permits suit only (1) "where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business."

For domestic corporations, residence under § 1400(b) means only the state of incorporation.  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 270 (2017).  To have a "regular and established place of business" in the district, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  Section 1400(b) is "intended to be restrictive of venue" and that it "should not be liberally construed in favor of venue."  *In re ZTE (USA) Inc.,* 890 F.3d 1008, 1014 (Fed. Cir. 2018) (quoting *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969)).

When venue is challenged, the plaintiff bears the burden of establishing that venue is proper.  *Quantum Tech. Innovations, LLC v. Valve Corp.*, No. 2:23-CV-425-JRG-RSP, 2024 WL 4329020 (E.D. Tex. Aug. 8, 2024) (citing *ZTE*, 890 F.3d at 1013–14).  The well-pleaded facts in the complaint are entitled to a presumption of truth only when they are uncontroverted by an affidavit.  *Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (citing *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192

4

(10th Cir. 1998)).  Conclusory allegations, even if uncontroverted, are not given credit.  *Ethridge v. Samsung SDI Co., Ltd.*, 137 F.4th 309, 313 (5th Cir. 2025).

Where related companies have maintained corporate separateness, the place of business of one entity is not imputed to the other for venue purposes.  *Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1125 (Fed. Cir. 2021).  Courts in the Fifth Circuit "begin[] with a presumption that a subsidiary, even a wholly-owned subsidiary, is independent of its parent company for jurisdictional purposes."  *Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 329 (5th Cir. 2011) (quoting *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999)); *see also Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 251 (5th Cir. 2019) (providing this presumption of institutional independence may be rebutted only by clear evidence).  The burden of making a prima facie showing of corporate relatedness is on the proponent of that theory.  *Dickson Marine*, 179 F.3d at 338.

### B.      Fed. R. Civ. P. 12(b)(6)

A party may move to dismiss a claim for a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When a court considers a Rule 12(b)(6) motion, it must assume that all well-pleaded facts are true and must view them in the light most favorable to the nonmoving party.  *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court must decide whether those facts state a claim for relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Bowlby*, 681 F.3d at 219 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Merely reciting the elements of a claim and providing "conclusory statements" without further factual support is insufficient.  *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).

## IV.    ARGUMENT

The Court should dismiss this action because venue is improper for FedEx Corp. and the Complaint does not plead any facts suggesting that FedEx Office has any connection whatsoever to the Accused Products.

### A.    Venue is Improper for FedEx Corp.

As a Delaware Corporation, FedEx Corp. does not "reside" in this District for purposes of venue.  (*See* Complaint ¶¶ 3; Ex. A ¶ 4); *TC Heartland*, 581 U.S. at 270 (holding domestic corporations only reside in their State of incorporation purposes of the patent venue statute). Accordingly, venue is proper in this District only if FedEx Corp. both (1) has a regular and established place of business here and (2) has committed acts of infringement in this District. 28 U.S.C. § 1400(b).  Neither requirement is met.

#### 1.    FedEx Corp. Has No Physical Presence or Property in This District

No location in this district qualifies as a "regular and established place of business" of FedEx Corp.  To satisfy that requirement, a plaintiff must show: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360.

FedEx Corp. fails even the first prong.  It has no physical place in this District—no office, mailing address, or real property.  (Ex. A, ¶ 5.)  It does not own, lease, manage or maintain real property, residences, or places of business in this district.  (*Id.*)  FedEx Corp. does not put products or services into the stream of commerce in this District, because it does not offer products or

services at all.  (*Id.* ¶¶ 5, 8.)  Even the minimal presence of leased server rack space may, in some circumstances, satisfy the "physical place" requirement.    *In re Google LLC*, 949 F.3d 1338, 1343– 44 (Fed. Cir. 2020).  But FedEx Corp. does not even lease server space.  (*Id.* ¶ 5.) Without a "physical place" in the District, the remaining *Cray* factors are not reached.

Even assuming FedEx Corp. did have a physical location in this District, that location still would not qualify as a "regular and established place of business" or a "place of" FedEx Corp.  A "regular and established place of business" must reflect "the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'"  *Google,* 949 F.3d at 1345.  But FedEx Corp. has no employees working in this District.  With no employee working from a location that would qualify as a "place of" FedEx Corp, there is no place that would qualify as a "regular and established place of business" of FedEx Corp. to establish patent venue.

### 2.    Offices of Other FedEx Entities Are Not Places of FedEx Corp.

Nor can the presence of other FedEx entities within this District cannot be imputed to FedEx Corp.  "A threshold inquiry when determining whether the place of business of one company can be imputed to another, related company is whether they have maintained corporate separateness."  *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1289 (Fed. Cir. 2021); *see also Celgene Corp.*, 17 F.4th at 1125 ("[W]here related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes.")

Plaintiffs identify business locations of FedEx Office and Federal Express Corporation in this District.  (Complaint ¶ 8; Ex. A, ¶ 10).  But those entities are legally distinct and presumptively independent for venue purposes.  *See Tulane Educ. Fund*, 450 F. App'x at 329 ("This court begins with a presumption that a subsidiary, even a wholly-owned subsidiary, is independent of its parent

company for jurisdictional purposes."). While this presumption may be overcome with "clear evidence" that the entities do not maintain corporate separateness, Plaintiffs do not even *allege*— let alone support with facts—that FedEx Corp. disregards corporate separateness.

Plaintiffs' sole assertion is that FedEx Office "carries out the business of its parent throughout the United States and Texas." (Complaint, ¶ 4.) That allegation is conclusory and is entitled to no weight. *Ethridge*, 137 F.4th at 313 ("[W]e need not credit conclusory allegations, even if uncontroverted.")

In fact, FedEx Corp. subsidiaries—including FedEx Office—maintain their own independent corporate identity, governance, and operations. (Ex. A, ¶ 12.) Even where a parent exerts control over its subsidiaries' operations so that they operate with a "unitary business purpose," courts decline to impute the subsidiary's places of business to the parent unless the corporate form has been abused. *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), *report and recommendation adopted*, No. 2:17-CV-00293-RWS, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334–35 (1925)). As in *Souverain*, FedEx Corp. has attested to its maintenance of corporate separateness from FedEx Office and any other FedEx entities. (Ex. A, ¶ 12.). Plaintiffs plead no facts that could overcome that showing. *Souverain*, 2017 WL 5126158, at *1 (dismissing claims against parent because even if plaintiff's contentions were all established as true, they would not suffice to treat the two corporations as one).

Because FedEx Corp. does not maintain its own place of business in this District, and because the locations of its subsidiaries cannot be imputed to it, FedEx Corp. does not have a "regular and established place of business" in this District, and the claims against it should be dismissed.

8

### 3.    Even If FedEx Corp Had a Place of Business in This District, It Does Not Use the Accused Products Here or Anywhere

Even assuming FedEx Corp. had a place of business in this District—which it does not— venue would still be improper because FedEx Corp. has not committed any acts of infringement in this District.  FedEx Corp. does not use any of the Accused Software, here or anywhere.

"The acts of infringement referred to in the patent venue statute are those acts defined by the statute dealing with infringement." *Seven Networks, LLC v. Google LLC*, 315 F. Supp.3d 933, 942 (E.D. Tex. 2018) (collecting cases).  Plaintiffs allege two theories of infringement: direct and induced.[3]  Both run headfirst into the reality that FedEx Corp. simply does not use the products.

Plaintiffs first assert that Defendants directly infringe by "making, using, offering to sell, selling and/or importing into the U.S." the Accused Software.  (Complaint ¶¶ 26, 32, 41, 47, 57, 64, 73–74, 96.)  But the allegations themselves defeat the claim.  Plaintiffs again conflate FedEx Corp. with its subsidiaries and attempt to identify alleged "FedEx" employees who allegedly use the Accused Software.  None of these individuals are employed by FedEx Corp.  (Ex. A ¶ 9.)  In fact, many of them are not even alleged to work for either Defendant, but rather they identify non-party entities like FedEx Services, FedEx Dataworks, and FedEx Freight as their employer.  (*See* Complaint at p. 10–12, 21–23, 45 & 57.)  Any alleged direct infringement by those non-party entities cannot be imputed to FedEx Corp.  *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *6–9 (W.D. Tex. Apr. 26, 2022) (dismissing claims

---

[3] While Plaintiffs also allege that "FedEx has infringed and is continuing to infringe the '416 Patent, the '686 Patent, and the '332 Patent by . . . contributing to other's making, using, selling, offering to sell, and/or importing [the Accused Software]," (Complaint, ¶ 22), Plaintiffs do not make any further allegations of contributory infringement.  Such archetypal conclusory pleading does not state a claim for relief.  *See Iqbal*, 556 U.S. at 678 ("[The Rule 8 pleading standard] demands more than an unadorned, the defendant-unlawfully-harmed me accusation.")

of infringement due to improper venue when subsidiary—not its parent company—produced the accused products).

Plaintiffs fail to identify a single FedEx Corp. employee who uses the Accused Software. And for good reason: no one at FedEx Corp. uses it.  (Ex. A ¶ 8.)  As a result, FedEx Corp cannot have committed an act of direct infringement in this District or elsewhere.

Plaintiffs also allege that Defendants induce infringement of the Asserted Patents by customers and end users, allegedly "by supplying them with instructions on how to operate the infringing technology in an infringing manner, while also making publicly available information on the infringing technology via Defendants' website, product literature and packaging, and other publications."[4]  (Complaint ¶¶ 35, 50, 67.) To support this theory, Plaintiffs point to a "FedEx" support website.  This allegation is deficient for three independent reasons.

First, it is implausible that a generic support site designed to assist customers with shipping or logistics systems could induce the internal use of cloud orchestration software such as Kubernetes.  (*See, e.g.*, Complaint ¶ 27 (alleging infringement using Kubernetes when "***FedEx*** had developers build or refactor ***FedEx*** applications on a PaaS (Platform as a Service) system.")) Plaintiffs offer only conclusory allegations that any FedEx "customer" or "end-user" directly infringes.  (*Id.* at ¶¶ 34, 49, 66 ("[Defendants] knowingly and intentionally induced, and continue

---

[4] For the '832 Patent, Plaintiffs' only allegation of induced infringement is that "FedEx has infringed the '832 Patent . . . by actively inducing others to make, use, sell, offer to sell and/or import [the Accused Software]." (Complaint, ¶ 21.)  This factually "unadorned" allegation cannot state a claim for induced infringement.  *See Iqbal*, 556 U.S. at 678.  Moreover, because Plaintiffs do not allege that they provided Defendants with pre-suit notice of the '832 Patent, Plaintiffs cannot state a claim for pre-suit induced infringement.  *See Commil USA, LLC v. Cisco Sys., Inc.,* 575 U.S. 632, 639 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement.")  And because the '832 Patent expired in 2023, Plaintiffs also cannot state a claim for post-suit infringement. Accordingly, a claim for induced infringement of the '832 Patent is untenable.

to knowingly and intentionally induce, direct infringement of the [Asserted Patents] by providing these products to end-users for use in an infringing manner.")

Second, Plaintiffs do not identify any content on the allegedly inducing support site that even mentions the Accused Software, let alone instructs users on how to use it in a way that could plausibly infringe.

Third, the support site is not owned or operated by FedEx Corp. (Ex. A ¶ 11.)  And so even if this site could induce anyone to infringe the Asserted Patents, FedEx Corp. could not be the inducing party.  As with direct infringement, Plaintiff cannot show that FedEx Corp. engaged in any alleged inducing acts in any district, and certainly not in this District.

While courts do not typically assess the merits of infringement when determining venue, *see In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985), FedEx Corp. does not ask the Court to reach the merits here.  Rather, as in *EMA Electrocomechanics, Inc. v. Siemens Corporation*, FedEx Corp. seeks dismissal based on a lack of contact to this forum.  There, Siemens Corp. successfully moved to dismiss because it did not use the accused products at all, let alone in the district. 2022 WL 1241967, at *6.  The court found that when a defendant contests the complaint's characterization of its forum contacts with an affidavit, the plaintiff must offer specific proof— and cannot rely on generic allegations. *Id.* at *6–8.

FedEx Corp. makes the same showing here. It does not challenge whether the Accused Software could infringe the Asserted Patents, but whether it uses that software in this District or anywhere else.  Because FedEx Corp. does not have the necessary infringing contacts with this District, venue is improper, and the case against it must be dismissed.  *Id.* at *7 ("[W]hen a defendant challenges the complaint's characterization of its contacts with the forum district, courts demand proof of those contacts.")

11

**B.    The Complaint Fails to State a Plausible Claim Against FedEx Office**

The Complaint offers no non-conclusory allegations tying FedEx Office to the Accused Software.  Plaintiffs cite unverified personal LinkedIn profiles of various "FedEx" employees purportedly using the Accused Software.  (*See* Complaint p. 10–14, 21–25, 45–49, 56–57, 67–68.) But these profiles list their employers as FedEx Dataworks, FedEx Services, FedEx Freight—not FedEx Office. None of the cited personal profiles identify any connection to FedEx Office.

Absent any factual allegations connecting FedEx Office to the Accused Software, Plaintiffs rely solely on conclusory statements that "Defendants" "mak[e], us[e], offer[] to sell, sell[], and/or import[] into the United States products that include [the Accused Software.]"  (Complaint ¶¶ 25– 26, 41, 43, 56–57, 73–74.)  Such allegations merely recite the acts constituting direct infringement and are insufficient to state a claim.  *See* 35 U.S.C. § 271 ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).  Without factual content connecting FedEx Office to the alleged infringement, the Complaint fails to provide fair notice of the claims against it.  *See Twombly*, 550 U.S. at 555 (explaining a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (citation omitted)); *see also Lifetime Indus.*, 869 F.3d at 1379 ("[A] complaint [must] place the alleged infringer on notice of what activity is being accused of infringement.") (cleaned up).

The lack of notice is especially concerning in a case such as this where the accused technology is not even alleged to be the product of the defendant.  *Cf. Resonant Sys., Inc. v. Sony Grp. Corp.*, No. 2:22-CV-00424-JRG, 2023 WL 5723646, at *2 (E.D. Tex. Sept. 5, 2023) (emphasizing defendants' apparent connection to accused products through use of defendants'

12

name—despite defendants' assertion that they did not make, use, sell, or offer to sell the products—and denying motion to dismiss).

While some of the unverified personal LinkedIn profiles list only "FedEx" as an employer, Plaintiffs plead no facts suggesting that any person actually is or was employed by "FedEx" or "FedEx Office", that "FedEx" refers to FedEx Office, or that FedEx Office is liable for the conduct of other legally distinct FedEx entities.  Generally, corporate entities can only be liable for an affiliate's actions if the circumstances justify piercing the corporate veil.  *Smith v. Garlock Equip. Co.*, 658 F. App'x 1017, 1027 (Fed. Cir. 2016) ("Acts of a subsidiary company are not imputed to a parent company unless evidence supports 'piercing the corporate veil.'")  Plaintiffs plead nothing supporting any theory of piercing the corporate veil.  *See Ledford v. Keen*, 9. F.4th 335, 339 (5th Cir. 2021) (stating veil piercing only appropriate "when the corporate form has been used as part of a basically unfair device to achieve an inequitable result.")

Because the Complaint provides no facts to substantiate a claim that FedEx Office has any connection at all to the Accused Software, the Court should dismiss the claims against FedEx Office.

## V.    CONCLUSION

For the reasons described above, Defendants respectfully request that this Court dismiss this action for improper venue as to FedEx Corp and for failure to state a claim as to FedEx Office.

Dated: July 28, 2025

Respectfully Submitted,

FISH & RICHARDSON P.C.

By:  */s/ David M. Hoffman*
    David M. Hoffman
    Texas Bar No. 24046084
    hoffman@fr.com
    111 Congress Avenue, Suite 2000
    Austin, TX 78701
    Tel: (512) 472-5070
    Fax: (512) 320-8935

    Warren K. Mabey, Jr. (*pro hac vice*)
    mabey@fr.com
    Kevin P. Seltzer (*pro hac vice*)
    seltzer@fr.com
    222 Delaware Avenue, Suite 1700
    Wilmington, DE 19801
    Tel: (302) 652-5070
    Fax: (302) 652-0607

    Elliot Scher (*pro hac vice*)
    scher@fr.com
    12860 El Camino Real, Suite 400 San
    Diego, CA 92130
    Tel: (858) 678-5070
    Fax: (858) 678-5099

**COUNSEL FOR DEFENDANTS,
FEDEX CORPORATION AND
FEDEX OFFICE AND PRINT
SERVICES, INC.**

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 28, 2025, and it was served via CM/ECF on all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman
