# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD., <br><br> Plaintiffs, <br><br> v. <br><br> FEDEX CORPORATION and FEDEX OFFICE AND PRINT SERVICES, INC., <br><br> Defendants. | Case No. 2:25-cv-516-JRG |

## DEFENDANT'S REPLY IN SUPPORT OF IT'S MOTION TO DISMISS
## FEDEX OFFICE AND PRINT SERVICES, INC. FOR FAILURE TO STATE A CLAIM

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................ 1

II.     ARGUMENT .............................................................................................................. 2

        A.      Plaintiffs' Opposition Misconstrues the Procedural Posture ................................. 2

        B.      Plaintiffs Do Not Plausibly Allege FedEx Office Uses the Accused Software ....... 3

        C.      Plaintiffs Do Not Plausibly Allege FedEx Office's Website Infringes .................. 4

III.    CONCLUSION ........................................................................................................... 7

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                              **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................................4, 6

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ..............................................................................................2

*Daedalus Prime LLC v. MediaTek, Inc.*,
    No. 2:24-CV-00235-JRG, 2025 WL 825188 (E.D. Tex. Mar. 13, 2025)................................7

*Resonant Systems, Inc. v. Sony Group Corporation*,
    No.2:22-CV-00424-JRG, 2023 WL 5723646 (E.D. Tex. Sept. 5, 2023) ................................4

**Statutes**

35 U.S.C. § 271..............................................................................................................................6

## I.    INTRODUCTION

FedEx Office's motion demonstrates that the Complaint fails to plausibly allege that FedEx Office uses the Accused Software, and therefore Plaintiffs fail to state a claim for relief.

Recognizing this deficiency, Plaintiffs attempt to pivot. Plaintiffs now highlight what FedEx Office did not deny in its Motion and claim this supports infringement. That is wrong both factually and legally. FedEx Office denies that its employees even use the Accused Software and also denies that the Accused Software infringes. But for the purposes of the Motion, Plaintiffs' argument is a distraction: the question is only whether the Complaint—on its face—states a plausible claim against FedEx Office. It does not.

Plaintiffs do not contest that the cited online profiles (which are the only purported connection between FedEx Office and the Accused Software) do not show any connection between FedEx Office and the Accused Software. Rather, Plaintiffs now argue that those profiles are not the "sole basis" for FedEx Office's infringement and are only meant to demonstrate use of the Accused Software within "FedEx.". (Dkt. No. 41 ("Opposition") at 4.) There is no unitary "FedEx," as is evident from the different parties cited in Plaintiffs' Complaint and from the Motion. FedEx affiliates are distinct businesses engaged in different business areas, with FedEx Office being engaged in the most distinct of those areas—printing services. Plaintiffs fail to identify anything in the Complaint that purportedly connects FedEx Office to the Accused Software. Attorney argument cannot change the simple fact that Plaintiffs have not pled any plausible connection between FedEx Office and the Accused Software.

Given this, Plaintiffs seek to manufacture a new theory of infringement in their Opposition—that FedEx Office infringes by "directing and controlling the operation of FedEx's websites . . . using the patented inventions." (Opposition at 1.) The Complaint also fails to state a claim under that theory. The Complaint does not plausibly allege any connection between any

1

website and the Accused Software—much less any connection between FedEx Office's website and the Accused Software. Plaintiffs' new assertion and claim against FedEx Office is a ruse.

Indeed, there is absolutely no factual support in the Complaint for any assertion that FedEx Office's website uses or is anyway connected to any of the Accused Software. A baseless (and wrong) proposition that FedEx Office uses the Accused Software is not a plausible basis for suit. Because the Complaint's allegations are implausible, the Court should grant the Motion.

## II.    ARGUMENT

### A.    Plaintiffs' Opposition Misconstrues the Procedural Posture

Plaintiffs' opposition seeks to avoid the dispositive question—whether the Complaint states a claim—by focusing instead on what FedEx Office allegedly did not deny in its motion. Plaintiffs go so far as to argue that FedEx Office's decision not to deny "directing and controlling" the websites in its Motion is tantamount to admitting infringement. (Opposition at 3–4.) FedEx Office of course denies that allegation, but it is irrelevant.

A motion to dismiss need not dispute every factual inaccuracy of the Complaint. If required, FedEx Office will deny the false allegations at the appropriate time in its Answer. More provocative is the contention that electing not to deny control of a product in its Motion amounts to an admission of infringement. The decision not to address a point in a Rule 12(b)(6) motion is not an admission.

Fundamentally, the Motion challenges the sufficiency of the pleadings—not the question of whether the Accused Software infringes. It is irrelevant whether the Accused Software practices the Asserted Patents when Valtrus pleads no basis to connect FedEx Office to the Accused Software. A complaint must plausibly allege facts connecting the defendant to the accused activity before the case may proceed. *See Bot M8 LLC v. Sony Corp. of Am.,* 4 F.4th 1342, 1352 (Fed. Cir. 2021) ("A claim has facial plausibility when the plaintiff pleads factual content that

2

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  For the reasons set forth below, it does not.

### B.    Plaintiffs Do Not Plausibly Allege FedEx Office Uses the Accused Software

The Motion showed that the Complaint contains no facts connecting FedEx Office to the Accused Software and thus Plaintiffs did not plausibly allege infringement of the Asserted Patents. (Motion at 12–13.) None of the unverified online profiles of people claiming to be FedEx employees even allege a connection to **FedEx Office**. (*Id.*) Without that connection, Plaintiffs cannot state a claim for relief.

Plaintiffs do not contest that none of the online profiles cited in the Complaint list FedEx Office as their purported employers.[1] Instead, Plaintiffs try to evade that flaw by now contending those alleged online profiles are not the "sole basis" for its infringement allegations, and rather that these profiles were meant to "demonstrate[] the use of the Accused Software by FedEx Office and its customers and end-users through, for example, fedex.com, in this District." (Opposition at 4.) This argument, however, makes no rational sense. Online profiles that make no mention of FedEx Office or its website cannot plausibly demonstrate use of that website—much less use in any infringing manner.

Additionally, Plaintiffs contend that FedEx Office asks the Court to adopt a heightened pleading standard whereby the Complaint must "contain direct evidence of FedEx Office employees using the infringing software." (Opposition at 1.) Not so. Critically, the Complaint alleges *no plausible connection* between the Accused Software and FedEx Office. The lack of facts

---

[1] While FedEx cannot introduce new facts at the stage, it is worth noting that none of the names in these unverified online profiles are or have been FedEx Office employees. Indeed, it appears doubtful that some of them are even real people.

to support the conclusion that FedEx Office uses the Accused Software is a failure of the ordinary Rule 8 pleading standard. *Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") Plaintiffs' Complaint is little more than a wild guess that FedEx Office may use the Accused Software (which, notably, it does not).

The court's reasoning in *Resonant Systems, Inc. v. Sony Group Corporation*, No.2:22-CV-00424-JRG, 2023 WL 5723646, at *1–2 (E.D. Tex. Sept. 5, 2023), underscores the pleading deficiency. In that case, Defendants argued that the Complaint did not plausibly allege that they sold the accused products because the evidence cited in the Complaint indicated that a different entity sold those products. *Id*. at *1. The court highlighted that the accused products "bear[] the trade name of the Defendants", and concluded that this fact, in conjunction with an allegation that Defendants sold the products, sufficed to state a claim. *Id.* at *2. Here, unlike *Resonant Systems*, the Accused Software has no facial connection to FedEx Office. Plaintiffs instead only accuse open-source technologies such as Kubernetes, HDFS, Apache Kafka Streams, and Apache Cassandra, which have no apparent connection to FedEx Office. That is an unfounded assertion—not a plausible infringement theory.

### C.    Plaintiffs Do Not Plausibly Allege FedEx Office's Website Infringes

Plaintiffs assert that an isolated statement from their jurisdictional allegations suffice to state a claim that fedex.com/en-us/home and office.fedex.com infringe the Asserted Patents.[2] The entirety of the allegation that Plaintiffs cite is quoted below:

---

[2] fedex.com/en-us/home is not FedEx Office's website and Plaintiffs have pled no factual connection between FedEx Office and fedex.com/en-us/home

> 9. Defendants are subject to the specific personal jurisdiction of this Court because Plaintiffs' patent infringement claims against Defendants specifically arise from Defendants' acts of infringement in the State of Texas. These acts of infringement include directing and controlling the operation of the https://www.fedex.com/en-us/home.html and https://www.office.fedex.com/ websites, using the patented inventions, and specifically targeting residents of Texas with these and other websites to further the sale of products and services to those customers online in this District. On information and belief, Defendants operate and/or contract with third parties to operate various locations through the FedEx Authorized ShipCentre program, including in the State of Texas.

(Complaint ¶ 9.) Plaintiffs do not cite to any other allegations within the complaint contending that FedEx Office's website infringes the Asserted Patents—and there are no such allegations.[3] This conclusory statement fails to state a claim that FedEx Office infringes the Asserted Patents for two reasons.

First, nowhere in the Complaint or in its Opposition does Plaintiff identify any feature or property of FedEx Office's website indicating that it would meet even a single one of the claim limitations of the Asserted Patents. While Plaintiffs boast of their fifty-eight pages of allegations mapping the Accused Software to the claims of the Asserted Patents, (Opposition at 5 (citing Complaint at ¶¶ 27–32, 42–47, 58–64, 74–96)), not even one of those pages maps a single element of FedEx Office's website to the Accused Software. Paragraph 9 quoted above is the only reference to any alleged infringement by FedEx Office's website in the Complaint. There is no comparison of the claim limitations of the Asserted Patents to FedEx Office's website in that paragraph or anywhere else in Complaint.

---

[3] The only other reference to office.fedex.com is related to the allegation that the Court may exercise general personal jurisdiction over FedEx Office because of FedEx Office's "targeting of Texas residents" with that website. This is not an allegation of infringement, let alone a plausible one.

As a result, the only allegation that the FedEx Office website infringes the Asserted Patents is the threadbare assertion that FedEx Office's "acts of infringement include directing and controlling the operation of the https://www.fedex.com/en-us/home.html and https://www.office.fedex.com/ websites, using the patented inventions." (Complaint ¶ 9.) This allegation does not even contain a single supposed infringing act under 35 U.S.C. § 271 committed by "directing and controlling" the websites. Such allegations are archetypally conclusory and do not suffice to state a claim of infringement by the websites. *Iqbal*, 556 U.S. at 678 ("[Rule 8 pleading] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.")

Second, the conclusory assertion that FedEx Office directs and controls the operation of the websites "through the operation of FedEx software that incorporates or uses various open-source software applications, including [the Accused Software]," does not find any factual support in the Complaint. (Opposition at 3.) While Plaintiffs cite paragraphs 17 through 20 of the Complaint for this proposition, those paragraphs only generically allege that the Accused Software infringes the Asserted Patents. Plaintiffs echo these allegations throughout the remainder of the Complaint—never providing even a single factual connection between FedEx Office's website and the Accused Software. (*See, e.g.,* Complaint ¶¶ 25–27, 56–57 (accusing Kubernetes, not FedEx Office's website); *id.* at ¶¶ 41–42 (accusing HDFS, not FedEx Office's website); *id.* at ¶ 75 (accusing Apache Kafka Streams using RocksDB Universal Compaction, not FedEx Office's website); *id.* at ¶ 80 (accusing Apache Cassandra, not FedEx Office's website); *id.* at ¶ 86 (accusing RocksDB Universal Style Compaction, not FedEx Office's website); *id.* at ¶ 91 (accusing Apache HBase, not FedEx Office's website). So, to the extent that the basis for Plaintiffs' allegations is the "incorporat[ion] or use" of the Accused Software in the operation or development of FedEx Office's website, Plaintiffs provide no support for such an allegation and the Complaint fails to

6

make any plausible connection between FedEx Office's website and any of the Accused Software. Plaintiffs cannot defeat the Motion by raising in opposition theories of infringement not found in the Complaint. *See Daedalus Prime LLC v. MediaTek, Inc.*, No. 2:24-CV-00235-JRG, 2025 WL 825188, at *1 (E.D. Tex. Mar. 13, 2025) ("Though Plaintiff raises various facts in its Opposition brief, such facts are not set forth in the Complaint and must be disregarded.") (internal citations omitted).

## III.    CONCLUSION

While Plaintiffs assert that they do not need direct evidence of FedEx Office employees infringing to proceed, they do need to show a factual basis to connect the Accused Software to FedEx Office. They have pled none and they have none. A naked assertion that FedEx Office may use the Accused Software (which it does not) is not a plausible basis for suit.

7

Dated: August 18, 2025

Respectfully Submitted,

FISH & RICHARDSON P.C.

By:  /s/ David M. Hoffman

David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
111 Congress Avenue, Suite 2000
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Warren K. Mabey, Jr. (*pro hac vice*)
mabey@fr.com
Kevin P. Seltzer (*pro hac vice*)
seltzer@fr.com
222 Delaware Avenue, Suite 1700
Wilmington, DE 19801
Tel: (302) 652-5070
Fax: (302) 652-0607

Elliot Scher (*pro hac vice*)
scher@fr.com
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

COUNSEL FOR DEFENDANTS,
FEDEX CORPORATION AND FEDEX
OFFICE AND PRINT SERVICES, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on August 18, 2025, and was served via electronic mail on all counsel of record.

/s/ David M. Hoffman
David M. Hoffman

8