**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> FEDEX CORPORATION, and FEDEX OFFICE AND PRINT SERVICES, INC. , <br><br> Defendant. | Case No.: 2:25-cv-00516-JRG <br> (Lead Case) |
| VALTRUS INNOVATIONS LTD. and KEY PATENT INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> NETAPP, INC., <br><br> Defendant. | Case No.: 2:25-cv-00517-JRG <br> (Member Case) |

**<u>NETAPP'S MOTION FOR SANCTIONS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 11</u>**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................ 1

II.   LEGAL STANDARD................................................................................................... 1

III.  ARGUMENT ............................................................................................................... 3

    A.   Valtrus's Sanctionable Conduct........................................................................ 3

        1.   Valtrus has repeatedly made false and misleading statements about property purportedly owned or leased by NetApp in the Eastern District of Texas. ................................................................................. 3

            a.   The Former Plano Office. .............................................................. 4

            b.   "Other Properties" in Collin County............................................. 5

        2.   Valtrus deliberately blurs different standards for personal jurisdiction and venue. ......................................................................... 6

        3.   Valtrus misrepresents NetApp's policies toward employees working from home........................................................................... 8

        4.   Valtrus misstates both facts and law to prove NetApp has a "regular and established" place of business in the Eastern District of Texas................................................................................................. 8

    B.   Rule 11 sanctions are necessary....................................................................... 10

        1.   "Doubling down" violations under Rule 11(b)(1). .................................... 12

        2.   Deliberately misstating or ignoring governing law, in violation of Rule 11(b)(2). .......................................................................................... 12

        3.   Deliberately misrepresenting or fabricating facts in violation of Rule 11(b)(3). .......................................................................................... 12

        4.   Valtrus' disregard of its obligations under Rule 11. ................................. 13

IV.   CONCLUSION............................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4WEB, Inc. v. NuVasive, Inc.*,
  No. 2:23-CV-00192-JRG, 2024 WL 1932416 (E.D. Tex. May 2, 2024) ................................9

*AGIS Software Dev. LLC v. Google LLC*,
  No. 2:19-CV-00361-JRG, 2022 WL 1511757 (E.D. Tex. May 12, 2022) .............................4

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990) ...............................................................................................................1

*In re Cray, Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) ......................................................................................6, 8, 9

*Decapolis Sys., LLC v. Epic Sys. Corp.*,
  No. 6:21-cv-00434-ADA, 2021 U.S. Dist. LEXIS 238384, 2021 WL 5908403
  (W.D. Tex. Dec. 14, 2021) ....................................................................................................11

*In re Google*,
  949 F.3d 1338 (Fed. Cir. 2020) ......................................................................................7, 8, 9

*iCharts LLC v. Tableau Software*,
  No. 1:23-CV-1225-DII, 2024 WL 2305214 (W.D. Tex. May 21, 2024) ...............................9

*IngenioShare, LLC v. Epic Games, Inc.*,
  2:10-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022) ....................................9

*Khan v. Hemisphere Inc.*,
  825 F. App'x 762 (Fed. Cir. 2020) ................................................................................11, 14

*Loyal-T Sys. LLC v. Am. Express Co.*,
  No. CV 23-2625, 2024 WL 4381835 (D.N.J. Oct. 3, 2024) .................................................9

*Margetis v. Furgeson*,
  666 F. App'x 328 (5th Cir. 2016) .........................................................................................2

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ...............................................................................................................3

*PS Prods. Inc. v. Panther Trading Co.*,
  122 F.4th 893 (Fed. Cir. 2024) ...........................................................................................11

*Raylon, LLC v. Complus Data Innovations, Inc.*,
  700 F.3d 1361 (Fed. Cir. 2012) ............................................................................................2

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010) ...................................................................................2

*Seville v. Maersk Line, Ltd.*,
   53 F.4th 890 (5th Cir. 2022) ...................................................................................11

*Super Interconnect Techs. LLC v. Google LLC*,
   No. 2:18-CV-00462-JRG, 2019 WL 3717683 (E.D. Tex. Aug. 7, 2019) .........................6, 7, 8

*Symbology Innovations, LLC v. Valve Corp.*,
   Civ. No. 2:23-cv-00419-JRG, 2025 U.S. Dist. LEXIS 17426 (E.D. Tex. Jan.
   31, 2025) .................................................................................................. *passim*

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   581 U.S. 258 (2017) ....................................................................................3, 7, 10

*Thomas v. Capital Sec. Servs., Inc.*,
   836 F.2d 866 (5th Cir. 1988) ...................................................................................2

**Statutes**

28 U.S.C. § 1391 ...........................................................................................................3

28 U.S.C. § 1400(b) ............................................................................................. *passim*

28 U.S.C. § 1927 ...........................................................................................................1

35 U.S.C. § 285 ............................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 11 ................................................................................................ *passim*

## I.    INTRODUCTION

Pursuant to Rule 11 of the Federal Rules of Civil Procedure,[1] Defendant NetApp, Inc. ("NetApp") respectfully moves for an order awarding sanctions against Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Valtrus") and its counsel[2] for the continued assertion of legally and factually baseless venue allegations in its Amended Complaint (Dkt. 39) even after being warned ***three times*** of its errors in NetApp's two successive Motions to Dismiss (Dkt. 31 and 53) and its advance notice of this Motion.[3]

## II.    LEGAL STANDARD

The purpose of Rule 11 is "to deter baseless filings in district court" and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Rule 11 requires attorneys to certify their contentions are both legally and factually supported and not brought for an improper purpose.  By filing a pleading or

---

[1] A motion for sanctions under Rule 11 must be filed separately from any other motion.  Fed. R. Civ. P. 11(c)(2).  NetApp does not waive its rights to assert other grounds for sanctions based on substantially the same conduct described here.  Separate from this Rule 11 Motion, NetApp reserves the right to seek sanctions based on 28 U.S.C. § 1927 and the Court's inherent power, as well as an exceptional case finding under 35 U.S.C. § 285.  *See, e.g.*, *Symbology Innovations, LLC v. Valve Corp.*, Civ. No. 2:23-cv-00419-JRG, 2025 U.S. Dist. LEXIS 17426, at *20 (E.D. Tex. Jan. 31, 2025) (defendant filed separate motions for sanctions under Rule 11 and the court's inherent power after plaintiff repeatedly refused to cure its defective venue allegations).

[2] NetApp seeks sanctions against both Valtrus and its counsel under Rule 11(b)(1) and 11(b)(3). Because Valtrus is a represented party, NetApp seeks sanctions under Rule 11(b)(2) only against Valtrus's counsel.  *See* Fed. R. Civ. P. 11(c)(5)(A).

[3] For simplicity, this Motion will refer to Valtrus's Original Complaint (Dkt. 1) as "OC" and to its Amended Complaint (Dkt. 39) as "AC."  NetApp's first Motion to Dismiss the Original Complaint (Dkt. 31) will be cited as "1st MTD," and its Renewed Motion to Dismiss the Amended Complaint (Dkt. 53) will be cited as "2d MTD."  The two declarations of NetApp Senior Manager Lance Christensen in support of the two Motions to Dismiss will be cited as "1st Christensen Decl." (Dkt. 31-1) and "2d Christensen Decl." (Dkt. 53-1), respectively. All citations to the docket, unless otherwise noted, are to the member case 2:25-cv-00517.

motion with the Court, the signatory attorneys represent that, "to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    **(1)**  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    **(2)**  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

    **(3)**  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

Courts decide Rule 11 motions under regional circuit law. *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed. Cir. 2010). In the Fifth Circuit, courts determine whether a party violated Rule 11 using "an objective, not subjective standard of reasonableness under the circumstances." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir. 2012). Rule 11 gives the Court broad discretion in crafting sanctions—including, but not limited to, awarding the opposing party's reasonable attorneys' fees and expenses—within the limit of what suffices to deter repetition of the wrongful conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4); *Thomas v. Capital Sec. Servs., Inc*., 836 F.2d 866, 877 (5th Cir. 1988).

Rule 11 provides a "safe harbor" to avoid sanctions by requiring the movant to first serve the sanctions motion on the opposing party at least 21 days before filing it with the Court. The Rule permits filing the motion only if the challenged filing is not withdrawn or corrected within the 21-day safe harbor period. Fed. R. Civ. P. 11(c)(2). *See Margetis v. Furgeson*, 666 F. App'x 328, 331–32 (5th Cir. 2016) (noting that Rule 11 creates a safe harbor to withdraw or correct a challenged document and avoid sanctions). NetApp has met its Rule 11(c)(2) obligations because

Valtrus was served this Motion on September 19, 2025, which was at least 21 days before its filing with this Court.  *See* Exhibit 1 (email transmitting Motion to Valtrus' counsel).

## III.    ARGUMENT

### A.    Valtrus's Sanctionable Conduct

Valtrus warrants sanctions under Rule 11 because its pleaded allegations regarding NetApp's presence in the Eastern District of Texas for venue purposes are factually unsupported and legally frivolous. [4]  *See* Fed. R. Civ. P. 11(b)(2)–(3).  Valtrus presents its defective venue arguments for the improper purpose of harassment and needless infliction of delay and costs.  *See id*. 11(b)(1).  The most serious and sanctionable of Valtrus's Rule 11 violations are its pleaded allegations regarding the following subjects:

### 1.    Valtrus has repeatedly made false and misleading statements about property purportedly owned or leased by NetApp in the Eastern District of Texas.

To establish venue over NetApp, Valtrus must show that NetApp has a "regular and established place of business" in this District.  *See* 28 U.S.C. § 1400(b).  Unfortunately for Valtrus, none exist.  To overcome that unhelpful absence, Valtrus has strained the law and the facts in multiple directions as it searches for NetApp's nonexistent "place of business."

---

[4] A claim is "legally frivolous" when it is based on an indisputably meritless legal theory.  *Neitzke v. Williams*, 490 U.S. 319, 325–27 (1989).  In *Symbology*, 2025 U.S. Dist. LEXIS 17426 at *21–*22, this Court found the plaintiff violated Rule 11(b)(2) by persistently recycling frivolous legal arguments that the authorities cited in defendant's motion to dismiss had already warned were not good law.  The *Symbology* plaintiff's errors included, among other things, relying on the general venue statute at 28 U.S.C. § 1391 in addition to the patent-specific and exclusive venue provision in 28 U.S.C. § 1400(b).  *Id*. at *22; *see TC Heartland*, 581 U.S. at 266.  Valtrus has made ***exactly the same error*** in both its original and amended pleadings.  OC ¶ 10; AC ¶ 9.

### a. The Former Plano Office.

For purposes of venue, Valtrus needs to identify a ***present*** place from which NetApp ***currently*** conducts business.  Venue looks at the facts as they exist at the time the lawsuit is filed (Valtrus's suit was filed May 9, 2025).[5]

Years ago, Netflix used to lease office space at 6900 Dallas Parkway in Plano (the "Former Plano Office").[6] 1st Christensen Decl. ¶ 5.  In June 2023, as part of a post-COVID initiative to reduce its office space, NetApp surrendered the lease and completely vacated the property, even removing its signage.  *Id*. ¶¶ 6–14.  The 48 employees who had used that office continued to work from their homes, most of which are in the Eastern District of Texas.  *Id*. ¶ 18.  Neither NetApp nor any of its employees or agents has set foot in the Former Plano Office since June 2023.  *Id*. ¶ 12.  Yet in both its Complaints, Valtrus makes the false assertion that 6900 Dallas Parkway is a "place of business" for NetApp.  OC ¶ 3; AC ¶¶ 3, 10. This might have been an excusable error the first time around.  But when NetApp responded with a detailed explanation of how it came to vacate the property in 2023 (backed up by the sworn declaration of its Senior Manager Lance Christensen as well as written documents evidencing the surrender of the lease), Valtrus should have known that its allegation about the Former Plano Office was incorrect and needed to be withdrawn.  *See* 1st MTD at 5–7; 1st Christensen Decl. ¶¶ 6–14.

But rather than accept correction, Valtrus redoubled its efforts to ground venue in the cobwebs of this deserted office.  AC ¶ 10; *see* 2d MTD at 7–10–14; 2d Christensen Decl. ¶¶ 5–17. The Amended Complaint makes the false assertion that "on information and belief, NetApp ***is*** a

---

[5] *See AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2022 WL 1511757, at *1 (E.D. Tex. May 12, 2022) (noting that propriety of venue is determined "as of the date the suit is filed").

[6] Plano is in Collin County, which is in the Eastern District of Texas.

tenant that ***still operates*** its business in Plano at 6900 Dallas Parkway." AC ¶ 10 (emphasis added).

Before making this assertion, Valtrus should have confronted the facts of Mr. Christensen's

declaration and the terminated lease. It did not. Valtrus also should have investigated the former

address at 6900 Dallas Parkway in Plano for some actual facts to support its assertion. Again, it

did not. Instead, Valtrus misrepresents a simple and easily checked fact.

Valtrus's treatment of the Former Plano Office is a quintessential Rule 11 violation—

doubling down and continuing to fight for a position that the law and the evidence have shown is

no longer tenable.[7]

###### b.    "Other Properties" in Collin County.

As it became clear that the Former Plano Office would not salvage its case, Valtrus

scrambled to identify other purported "places of business" it claimed to have discovered while

perusing Collin County tax records. The Former Plano Office was, at least, a real building that

once held an office.  By contrast, the several "other properties" Valtrus claimed to locate around

Collin County never existed at all.  They were part of an erroneous tax bill to NetApp for

approximately $376,000 in "business personal property."  This was movable property that had

been at the Former Plano Office before NetApp vacated it in 2023.  *See* 2d Christensen Decl. 24–

28 & Ex. 4.  It was a simple mistake by the tax assessor, who was unaware that NetApp had vacated

the Former Plano Office, and was corrected when NetApp filed for a refund.  2d MTD 9–10; 2d

Christensen Decl. ¶¶ 24–28.

What Valtrus did with that tax error was neither innocent nor a mistake.  Valtrus misleads

the reader into thinking of the taxed property as "real property" (i.e., a physical location) when the

---

[7] *See* Fed. R. Civ. P. 11(b)(1); *cf. id*., 1993 Advisory Committee Notes (explaining that Rule 11 "subject[s] litigants to potential sanctions for insisting upon a position after it is no longer tenable").

tax records actually refer to personal (i.e., movable) property.  *See* AC ¶ 10 ("On information and belief, NetApp **owns and/or leases multiple properties** within this District. NetApp has '***various locations'*** registered to it in Collin County since at least 2017.") (emphasis added).  "Locations" falsely imply real properties rented or owned at fixed sites, not movable personal or business belongings. This deliberate choice of words misleads the Court into the false impression that NetApp has multiple other offices around Collin County.  The word "locations," by itself, puts Valtrus over the line into sanctionable territory.[8]

2. **Valtrus deliberately blurs different standards for personal jurisdiction and venue.**

Throughout its venue pleadings, Valtrus repeatedly mixes up the relevant jurisdictions, alternating between "this District" (correct for venue) and "the State of Texas" (wrong and irrelevant to venue).[9]  While statewide contacts or activities may be relevant to personal jurisdiction, the analysis for patent venue looks ***only*** at the judicial district where the case is pending.  *See, e.g.*, *Super Interconnect Techs. LLC v. Google LLC*, No. 2:18-CV-00462-JRG, 2019 WL 3717683, at *1–*2 (E.D. Tex. Aug. 7, 2019) (citing 28 U.S.C. § 1400(b)).  Valtrus's pervasive blurring between "the State" and "this District" purposely conflates the looser standards of personal jurisdiction into the more stringent patent venue analysis.[10]  *See, e.g.*, *In re Cray, Inc.*,

---

[8] *See*, *e.g.*, Fed. R. Civ. P. 11(b)(3) (requiring "factual contentions [to] have evidentiary support").

[9] *See, e.g.*, OC ¶¶ 3, 6–11; *id*. ¶ 10 (incorrectly stating that being "registered to do business" and having offices "in the State of Texas" supports venue in the Eastern District of Texas); AC ¶¶ 3, 6–14; *id*. ¶ 9 (asserting venue is proper in this District because "NetApp is registered to do business in the State of Texas, owns and leases property in the State of Texas, employs and maintains a workforce required to reside and conduct business within localized regions in the State of Texas and this District, and has transacted and continues to transact business in the Eastern District of Texas.").

[10] *See, e.g.*, OC ¶¶ 6–11, where a cursory allegation of venue at ¶ 10 is sandwiched between much longer discussions of personal jurisdiction issues both above and below it; *cf*. AC ¶¶ 6–14, where a longer venue discussion is similarly bracketed.

6

871 F.3d 1355, 1361 (Fed. Cir. 2017) (admonishing courts to "be careful not to conflate showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases").

Valtrus hopes that if it can clutter its pleadings with jurisdiction-friendly but venue-irrelevant facts (e.g., being "registered to do business in the State of Texas" (AC ¶ 9)), they will somehow spill over to benefit its venue claim. They will not. First, anything NetApp is alleged to have done anywhere in Texas outside the Eastern District is irrelevant. *See, e.g.*, AC ¶¶ 3 ("does business in Texas"), 6–9, 13–14. Patent venue analysis looks only at the judicial district where the case is pending. *See, e.g.*, *Super Interconnect*, 2019 WL 3717683, at *1–*2 (citing 28 U.S.C. § 1400(b)). Second, the fact that NetApp is "registered to do business" in Texas, puts products or services into the "stream of commerce," markets to customers in Texas, or uses a website to "target" potential customers in Texas (*see* AC ¶¶ 6–8, 14), are all likewise irrelevant to whether NetApp has a place of business in this District. These basic personal jurisdiction points have nothing to do with the much stricter standard for establishing patent venue. *See* 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 265–66 (2017). Venue in a patent case requires the alleged infringer to have a "regular and established place of business" in the federal judicial district where the patentee has brought suit. *See In re Google*, 949 F.3d 1338, 1343 (Fed. Cir. 2020).[11]

---

[11] Venue can also be established "in the judicial district where the defendant resides." 28 U.S.C. § 1400(b). For a corporation, its "residence" is its state of incorporation. NetApp is incorporated in and thus a "resident" of Delaware, regardless of anything else it might be doing in Texas.

### 3. Valtrus misrepresents NetApp's policies toward employees working from home.

Valtrus's Original Complaint made no allegations about remote employees. But to put any doubts to rest, NetApp's First Motion to Dismiss preemptively argued and cited controlling case law holding that remote employees' homes are not "regular and established places of business" for purposes of venue.[12] Valtrus simply ignored this. Instead of providing a substantive rebuttal, Valtrus in its Amended Complaint simply recites unfounded "facts" "on information and belief" and claims without evidence that NetApp has "ratified" its employees' homes as its regular places of business. *See id.* (alleging without any explanation of factual basis that NetApp provided equipment and financial incentives to help employees set up home offices; shipped promotional materials to employees' homes; and "geographically restricted" employees by requiring them to remain in this District). These new allegations do not rise above the level of factless speculation and are contradicted by the sworn testimony of NetApp's Senior Manager Lance Christensen. *See* 2d MTD at 10–13; 2d Christensen Decl. ¶¶ 18–23, 29–31.

### 4. Valtrus misstates both facts and law to prove NetApp has a "regular and established" place of business in the Eastern District of Texas.

The only thing that matters for the venue analysis is whether NetApp (a "resident" of Delaware by virtue of being incorporated there) has a "regular and established" place of business not just in Texas, but in the Eastern District of Texas specifically. *See, e.g.*, *Super Interconnect*, 2019 WL 3717683, at *1–*2; 28 U.S.C. § 1400(b). On this point, ample case law defeats every

---

[12] 1st MTD at 1, 8–11; *see* 1st Christensen Decl. ¶¶ 18–23, 29–31 (stating NetApp does not pay stipends for remote work; own or rent any part of employees' homes; store in or ship to employees' homes any merchandise, promotional materials, demonstration products, or other property; market or list the employees' homes as places of business; or condition employment on residing in this District); *cf. Cray*, 871 F.3d at 1363–65 (discussing similar factors relevant to whether employees' homes can be deemed as places of business).

one of Valtrus's arguments.  Despite Valtrus's best efforts to stretch the law to fit its unimpressive facts, **none** of the following situations constitute the "regular and established place of business" that Valtrus must identify to establish venue in this District:

- An empty former office that NetApp vacated more than two years ago.  *See* 2d MTD at 8–9 (discussing *iCharts LLC v. Tableau Software*, No. 1:23-CV-1225-DII, 2024 WL 2305214, at \*6 (W.D. Tex. May 21, 2024) and *Loyal-T Sys. LLC v. Am. Express Co.*, No. CV 23-2625, 2024 WL 4381835, at \*6 (D.N.J. Oct. 3, 2024)).

- Imaginary "properties" around Collin County that exist only as a mistake in a tax assessor's file.  *See* 2d Christensen Decl. ¶¶ 24–28.

- The homes of NetApp's remote employees where uncontroverted evidence makes clear that NetApp's work-from-home arrangements include none of the characteristics that might lead to an employer's "ratification" of the home as a place of business.  2d Christensen Decl. ¶¶ 18–23, 29–31; *see Cray*, 871 F.3d at 1363–65; *4WEB, Inc. v. NuVasive, Inc.*, No. 2:23-CV-00192-JRG, 2024 WL 1932416, at \*3 (E.D. Tex. May 2, 2024).[13]

- Storage of NetApp software on Google servers (or any other servers) in this District, where controlling case law holds that a "regular and established place of business" requires a **physical** location staffed by an employee or agent.  *See Google*, 949 F.3d at 1345.

No legal or factual basis supports venue over NetApp in the Eastern District of Texas, and no amount of artful amendment will save Valtrus's case.  But that has not restrained Valtrus from filing an Amended Complaint that concedes nothing and doubles down on its most egregious legal and factual errors.  *See* 2d MTD at 5, 7–13.  To prevent and deter further waste of the parties' and the Court's time, NetApp asks the Court to impose sanctions under Rule 11.

---

[13] *See also* 1st MTD at 8–9 (citing *Cray*, 871 F.3d at 1360); *IngenioShare, LLC v. Epic Games, Inc.*, 2:10-CV-00663-ADA, 2022 WL 827808, at \*3 (W.D. Tex. Mar. 18, 2022) (citing *Cray*, 871 F.3d at 1363)).

**B.      Rule 11 sanctions are necessary.**

NetApp has complied with Rule 11's safe-harbor requirement by serving this Motion on Valtrus on September 19, 2025, which was at least 21 days prior to filing this Motion with the Court.  *See* Fed. R. Civ. P. 11(c)(2).  But Valtrus has not used that time to withdraw or correct its defective pleadings.  Accordingly, NetApp asks the Court to award monetary sanctions in the form of NetApp's reasonable attorneys' fees and costs expended in wasteful and unnecessary litigation on multiple motions to dismiss the same meritless contentions.  Given Valtrus's behavior to date, this is the least severe sanction that will suffice to deter repetition of the misconduct described above or comparable conduct by others similarly situated.  *See* Fed. R. Civ. P. 11(c)(4).[14]

NetApp has also filed a Renewed Motion under Rule 12(b)(3) to dismiss Valtrus's amended pleading based on improper venue.  Dkt. 53.  But even if the Court grants that dismissal, it will not compensate NetApp for the added time and expense already wasted on multiple rounds of briefing, let alone make whole this Court for the waste of its attention and resources.  NetApp seeks Rule 11 sanctions not only to recover its own fees and expenses, but also to send the message that litigants cannot abuse the amendment process by recycling arguments and allegations they have already been warned are legally and factually baseless.  Ample precedent supports Rule 11

---

[14] This Court is well-acquainted with similar misconduct. Less than nine months ago, this Court imposed Rule 11 sanctions for a plaintiff's repeated refusal to withdraw meritless venue allegations strikingly similar to those asserted by Valtrus.  *Symbology Innovations, LLC v. Valve Corp.*, Civ. No. 2:23-cv-00419-JRG, 2025 U.S. Dist. LEXIS 17426, at *24–*25 (E.D. Tex. Jan. 31, 2025) (finding multiple Rule 11 violations after plaintiff had amended its complaint three times rather than confronting the errors in its improper venue arguments, each time forcing defendant to start over with a new round of dismissal briefing).  Like Valtrus in this case, the *Symbology* plaintiff improperly attempted to premise venue on facts relevant to personal jurisdiction—citing the defendant's contacts with customers in the Eastern District of Texas—while failing to show the defendant itself maintained any "regular and established place of business" in the District.  *Id.* at *21–*22; *see* 28 U.S.C. § 1400(b); *TC Heartland*, 581 U.S. at 261–62.

sanctions against litigants who persist in making legally and factually baseless venue claims even after being warned of their errors.[15]

Nearly everything discussed above was already known to Valtrus at least after it was served with NetApp's first Motion to Dismiss on July 28, 2025. Despite having weeks to come up with a better plan, on August 11, Valtrus made the unfortunate choice[16] to amend its pleading with additional spurious and irrelevant allegations rather than confront any of the decisive legal arguments and factual evidence raised in NetApp's Motion.

Three key provisions of Rule 11 form a triad that captures substantially all of Valtrus's sanctionable conduct discussed above. Rule 11(b)(2) prohibits frivolous legal arguments or misstatements about applicable law. Rule 11(b)(3) requires that factual contentions have evidentiary support (or at least will be likely to have such support after further investigation or discovery). Many of Valtrus's sanctionable statements violate both rules to the extent they ignore or misstate controlling legal standards while also making factual assertions that lack evidentiary support (or ignoring contrary evidence). The combination and frequency of these violations in turn implicates Rule 11(b)(1) by raising the likelihood that Valtrus is presenting them for an "improper purpose," such as causing unnecessary delay or needlessly increasing legal expenses. Valtrus's violations can be grouped into several categories:

---

[15] *See, e.g.*, *Khan v. Hemosphere Inc.*, 825 F. App'x 762, 770 (Fed. Cir. 2020) (affirming district court's award of Rule 11 sanctions due to frivolous venue allegations); *cf. Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 897 (5th Cir. 2022) (finding Rule 11 violation where plaintiff continued to assert venue despite no colorable basis for filing in the relevant district); *cf. PS Prods. Inc. v. Panther Trading Co.*, 122 F.4th 893, 899–900 (Fed. Cir. 2024) (affirming district court's award of sanctions under its inherent power against plaintiff who repeatedly failed to establish venue under the correct statute, where time to file a Rule 11 motion had expired due to plaintiff's voluntary dismissal).

[16] Multiple courts, including this one, have cautioned that "amendments to the venue allegations in the original complaint are better suited for a response to the Motion to Dismiss." *See Symbology*, 2025 U.S. Dist. LEXIS 17426, at *20 (citing *Decapolis Sys., LLC v. Epic Sys. Corp.*, No. 6:21-cv-00434-ADA, 2021 U.S. Dist. LEXIS 238384, 2021 WL 5908403, *2 (W.D. Tex. Dec. 14, 2021)).

### 1. "Doubling down" violations under Rule 11(b)(1).

A finding of "improper purpose" under Rule 11(b)(1) is especially appropriate when Valtrus doubles down on the same factual or legal errors in its Amended Complaint despite having been previously put on notice of those errors by NetApp's first Motion to Dismiss. First, without even attempting to check or refute NetApp's evidence, Valtrus's Amended Complaint baselessly alleges that NetApp still uses that office today. *See* Section III(A)(1) above. Second, despite NetApp presenting detailed information about NetApp's arrangements with its remote employees, including specific denials that NetApp engaged in any of the practices courts have held might establish a "ratification" of the employees' homes (*see* Section III(A)(3) above), Valtrus has doubled down and alleged—with no apparent factual support—that NetApp did indeed engage in the same "ratification" practices.[17]

### 2. Deliberately misstating or ignoring governing law in violation of Rule 11(b)(2).

Valtrus's pleading is rife with misstatements of the law or failures to acknowledge contrary law—even after NetApp correctly stated controlling law in its first Motion to Dismiss. The most significant and brazen example is Valtrus's systematic and pervasive efforts to blur the difference between personal jurisdiction and venue, so as to smuggle more lenient personal jurisdiction tests into the stringent analysis required for patent venue. Valtrus's arguments on this point are legally frivolous. *See* Section III(B) above.

### 3. Deliberately misrepresenting or fabricating facts in violation of Rule 11(b)(3).

Valtrus also makes numerous factual allegations that are either unsupported by any evidence or contradicted by evidence cited by NetApp. By far the worst and most sanction-worthy

---

[17] *See Symbology*, 2025 U.S. Dist. LEXIS at *25–*26 (concluding the plaintiff violated Rule 11(b)(3) by continuing to assert factual contentions it had already learned were not true based on the defendant's motions to dismiss its three prior pleadings).

example is Valtrus's deliberate flat-out lie that the movable business personal properties listed on the erroneous Collin County tax bill were "locations" in which NetApp could be maintaining places of business. *See* Section III(A)(2) above.

**4.      Valtrus's disregard of its obligations under Rule 11.**

Valtrus's stubbornness in continuing to litigate this matter—despite controlling legal authority and incontrovertible evidence that there is no basis for venue over NetApp in the Eastern District of Texas—reflects an objectively unreasonable disregard of its obligations under Rule 11 and justifies imposing sanctions. As discussed in Section IV above, Valtrus's actions have violated at least three distinct subsections of Rule 11 by misstating the law (Rule 11(b)(2)), misrepresenting or even fabricating facts (Rule 11(b)(3)), and unreasonably acting with an improper purpose to cause delay and drive up legal costs (Rule 11(b)(1)).

Valtrus violates Rule 11(b)(1) in its Amended Complaint each time that it reasserts legally meritless and factually baseless venue allegations already discussed and debunked in NetApp's First Motion to Dismiss.  And to the extent Valtrus similarly ignores additional legal authority and evidence presented in NetApp's Renewed Motion to Dismiss and/or by service of this Motion, it will compound its violations of Rule 11(b)(1) by encouraging yet more unnecessary delay and escalation of legal expenses. At minimum, Valtrus could and should have learned from NetApp's first Motion to Dismiss that its case for venue was sufficiently unwinnable that no legitimate or proper purpose could justify forcing NetApp and the Court into a second round of Rule 12(b)(3) briefing on the same flimsy facts.

From at least July 28, 2025, when NetApp filed its first Motion to Dismiss for Improper Venue, Valtrus knew that NetApp neither ***resides in*** nor ***has a regular and established place of business*** within this District, as required by 28 U.S.C. § 1400(b). Once NetApp produced unrebutted evidence negating the *sine qua non* requirement of proper venue, Valtrus had an

obligation to either (i) withdraw or substantially amend its venue allegations, or (ii) promptly dismiss this action and refile it, if at all, in a proper forum. *See* Rule 11(c)(2). It has done neither.

Instead, Valtrus has forged ahead—filing an even more deficient Amended Complaint and forcing NetApp (and the Court) to undertake a second round of briefing on defects Valtrus already knows it cannot cure. By forcing NetApp to expend resources on two motions to dismiss—and by burdening the Court with unnecessary and duplicative briefing—Valtrus has caused precisely the waste Rule 11 seeks to prevent.

## IV.    CONCLUSION

Valtrus continues to press its meritless venue allegations despite repeated warnings that its legal contentions are foreclosed by controlling law and its factual allegations are contradicted by uncontroverted evidence.  Ample precedent shows that similar conduct warrants sanctions under Rule 11.[18]  Here, given that Valtrus has ***three times*** ignored clear warnings in NetApp's briefing, an award of NetApp's reasonable attorneys' fees and expenses relating to the venue dispute is the bare minimum that will suffice to fulfill Rule 11's stated purpose of "deter[ring] repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).[19]  NetApp accordingly requests that the Court:

1.    Award NetApp its reasonable attorneys' fees and costs incurred from July 28, 2025, to the present, including all briefing, fact investigation, and motion practice related to venue and this sanctions motion; and

2.    Impose any further deterrent measures the Court deems just.

---

[18] *See Khan*, 825 F. App'x at 770–71 (finding Rule 11 sanctions appropriate where plaintiff continued to assert frivolous venue arguments despite being warned of legal and factual deficiencies); *Symbology*, 2025 U.S. Dist. LEXIS 17426, at *20 (same).

[19] NetApp reserves the right to seek additional fees and expenses by way of a separate motion for sanctions based on other statutory authorities and the Court's inherent power.

Dated: October 20, 2025     Respectfully submitted,

By: */s/ Kathi Vidal*      
  Kathi Vidal
  State Bar No. 194971
  kvidal@winston.com
  **WINSTON & STRAWN LLP**
  255 Shoreline Drive, Suite 520
  Redwood City, CA 94065
  1901 L Street, NW
  Washington, D.C. 20036
  Tel. (202) 282-5000
  Fax (202) 282-5100

  Michael Bittner
  State Bar No. 24042335
  mbittner@winston.com
  **WINSTON & STRAWN LLP**
  2121 N. Pearl Street, Suite 900
  Dallas, TX 75201
  Telephone: (214) 453-6500
  Facsimile: (214) 453-6400

  *Attorneys for Defendant*
  NETAPP, INC.

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF CIVIL PROCEDURE 11

I hereby certify that as required under Federal Rule of Civil Procedure 11(c)(2), on September 19, 2025, the foregoing document was served on counsel for Valtrus at least twenty-one (21) days before it was filed with this Court.

/s/ Michael A. Bittner
Michael A. Bittner


## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2025, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Kathi Vidal
Kathi Vidal