**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD. *and* KEY PATENT INNOVATIONS LTD.,<br><br>*Plaintiffs,*<br><br>v.<br><br>FEDEX CORPORATION *and* FEDEX OFFICE AND PRINT SERVICES, INC.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:25-CV-00516-JRG<br>(LEAD CASE) |
| VALTRUS INNOVATIONS LTD. *and* KEY PATENT INNOVATIONS LTD.,<br><br>*Plaintiffs,*<br><br>v.<br><br>NETAPP, INC.,<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:25-CV-00517-JRG<br>(MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss for Improper Venue Under Rule 12(b)(3) (the "Motion") filed by Defendant NetApp, Inc. ("Defendant"). (Dkt. No. 53). Having considered the Motion, the Court finds that it should be **GRANTED AS MODIFIED**.

## I. BACKGROUND

Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Ltd. ("Plaintiffs") (together with Defendant, the "Parties") filed their original complaint on May 9, 2025, alleging infringement of six asserted patents. Defendant filed a Motion To Dismiss the original complaint on July 28, 2026. (Dkt. No. 26). Plaintiffs subsequently filed First Amended Complaint (the "Complaint") against Defendant on August 11, 2025, mooting Defendant's original Motion To Dismiss. (Dkt.

No. 39). In the instant Motion, Defendant renews its request to dismiss Plaintiff's Complaint under FED. R. CIV. P. 12(b)(3) for improper venue. (Dkt. No. 53 at 1).

## II. LEGAL STANDARD

A party may move to dismiss an action for "improper venue." Fed. R. Civ. P. 12(b)(3). "Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff." *ATEN Int'l Co., Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 120-21 (E.D. Tex. 2009) (cleaned up). A plaintiff may carry its burden by presenting facts, when taken as true, that establish venue. *Id*. The Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:13-cv-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237-38 (5th Cir. 2009)).

"[V]enue facts are to be examined as of the date the suit is filed." *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 924 (E.D. Tex. 2017). The Federal Circuit has emphasized that "each case depends on its own facts" and "no one fact is controlling." In re *Cray Inc.*, 871 F.3d 1355, 1362, 1366 (Fed. Cir. 2017). If venue is improper, the Court must dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In an action for patent infringement, 28 U.S.C. § 1400(b) controls venue. Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). Under

the second prong, the Federal Circuit has interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

When determining whether an employee's residence in the district can establish venue, courts examine whether the defendant owns, leases, possesses, or controls the home; whether the defendant conditions employment on the home being in the district; whether the defendant stores materials at the home for sale or distribution; and whether the defendant markets or advertises the home as a business site. *Id.* at 1363-65.

Failure to satisfy any statutory requirement requires a finding of improper venue. *Id.*

## III. DISCUSSION

Plaintiff does not dispute that Defendant does not reside in this District within the meaning of *TC Heartland* because "it is incorporated in Delaware, not Texas." (Dkt. No. 53 at 5); 581 U.S. at 262 ("[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."). As a result, the Court considers only whether Defendant has committed acts of alleged infringement and has a regular and established place of business in this district. 28 U.S.C. § 1400(b).

Plaintiff contends that Defendant's employees' remote work within this District and/or an authorized reseller of Defendant's products, Storage Assessments LLC, satisfies the venue requirement.

### A. Defendant's Employees

Plaintiff's first argument relates to an office space in Plano, Texas (the "Plano Office") that Defendant had originally rented before this lawsuit. (Dkt. No. 57 at 8-9). The Parties agree that

Defendant vacated the Plano Office in June 2023. However, Plaintiff contends that Defendant's employees who previously worked in the Plano Office now work remotely in the District. (*Id.* at 8-11). Plaintiff argues that the remote workplaces of Defendant's employees constitute places of business for Defendant. (*Id.*); (Dkt. No. 81 at 1-6).

Plaintiff's evidence includes a document listing 66 employees who Plaintiff contends currently work in this District (Dkt. No. 81-1); the testimony of Lance Christensen, Defendant's Senior Manager for the Americas Real Estate and Field Offices in the East Region; and the testimony of Hector Salas, a Technical Partner Lead for Defendant. (Dkt. Nos. 81-2, 81-3). Mr. Christensen testified that Defendant's employees have used coworking spaces in Plano, Texas via third-party vendors (*e.g.*, Regus, Desana); and that Defendant has sales representatives in the greater Dallas area. (Dkt. No. 81-2 at 25:22-26:18, 35:14-16). Mr. Salas, one of the 66 employees on the above-mentioned list, testified that Defendant "advertises job postings requiring folks to live" in this District and that it is important for him to attend in-person meetings with customers and partners in this District. (Dkt. No. 81-3 at 49:1-50:19). Mr. Salas also testified that several employees may use coworking spaces in the District and that there are biweekly meetings in a third-party partner office in Frisco, Texas. (*Id.* at 18:23-19:22, 24:15-17).

Defendant responds that Plaintiff offers no explanation or authority for how the above facts confer venue under *Cray*. (Dkt. No. 86 at 2 (citing F.3d at 1363–65)). Indeed, Plaintiff identifies no evidence that Defendant "owns or leases the place, or exercises other attributes of possession or control over the place" for the homes of its employees. *Cray*, F.3d at 1363–65. The coworking spaces fare no better. Plaintiff cites Mr. Salas's testimony for the proposition that Defendant's employees book such spaces "under [Defendant's] corporate account," but Mr. Salas never stated any such reservations were made by, or reimbursed by, Defendant. Also, Defendant provides

ample evidence that Defendant has no control over the coworking spaces, even on a transient basis. (Dkt. No. 86 at 4-5). For example, agreements between Defendant and various coworking spaces expressly state there is no creation of tenant, leaseholder, or other property interest conferred by using such space. (*Id.* (citing Dkt. No. 86-5)).

There is no evidence that Defendant conditions any employees' employment on such employees' continued residence in this District. *Cray*, F.3d at 1363. At most, Defendant allegedly advertises that "folks should live" in the Dallas area in a job posting. (Dkt. No. 81-4 at 49:14-50:16). Construing the evidence in the light most favorable to Plaintiff, such a job posting could be evidence that an employee must live in the Dallas area—potentially including within this District—to be hired by Defendant for that particular job. However, "advertisements may be relevant, but only to the extent they indicate that the defendant itself holds out a place for its business." *Cray*, F.3d at 1363. On the record here, there is no marketing or advertisements for such a place of Defendant.

There is also no evidence that Defendant stores materials in a place in the district so that they can be distributed or sold from that place nor that Defendant advertises an employees' home as a business site. *Id.* at 1363.

On this record, Plaintiff falls short of establishing that Defendant's remote employees' homes exist and operate so as to confer venue. The evidence before the Court contradicts the substance of Plaintiff's venue pleadings in the First Amended Complaint. *Cf. Princess Cruise Lines, Ltd. v. Walltopia Adventure USA, LLC,* No. 4:24-CV-745, 2025 WL 2677097, at *2 (E.D. Tex. Sept. 18, 2025) ("When considering the motion to dismiss, allegations in a plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits.") (cleaned up); (Dkt. No. 39 at ¶¶ 9-12).

### B. Authorized Reseller

Plaintiff also argues that Defendant has an agency relationship with reseller, Storage Assessments LLC so as to confer venue. (Dkt. No. 57 at 13). This line of argument, too, is unavailing. Defendant's agreement with Storage Assessments expressly states that Storage Assessments "must not act or represent themselves as an agent of NetApp." (Dkt. No. 86-2 at 1). While the actions of a defendant and an authorized reseller could overcome such a provision, there are no such actions present on this record. *See IOT Innovations LLC v. Monitronics Int'l, Inc.*, No. 2:22-CV-0432-JRG-RSP, 2023 WL 6318049, at *6 (E.D. Tex. Sept. 11, 2023) ("evidence can ,. . . show that the true relationship between the parties is different than what was contracted"). Here, Plaintiff's evidence is that Defendant (not Storage Assessments) ships directly to Storage Assessments' customers and that Defendant provides product updates to Storage Assessments. (Dkt. No. 81 at 6-7). Such evidence is insufficient to establish an agency relationship and fails to establish venue.

## IV. CONCLUSION

Based on these specific facts, the Court finds that venue is not proper in this District. Although Defendant only seeks a dismissal, it is undisputed that Defendant is incorporated in Delaware, where venue is proper. The Court finds that the interests of justice support a transfer of this case to Delaware, rather than dismissal. For the reasons explained herein, the Motion should be and hereby is **GRANTED AS MODIFIED**. The Court **ORDERS** as follows:

- Case No. 2:25-cv-00517-JRG is **deconsolidated** from Lead Case No. 2:25-cv-00516-JRG.
- Case No. 2:25-cv-00517-JRG is hereby **transferred** to the District of Delaware.
- The Clerk of Court is directed to **CLOSE** Lead Case No. 2:25-cv-00516-JRG, as

no parties or live claims remain therein.

**So ORDERED and SIGNED this 22nd day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE